## BUCK HARRELL v. THE STATE.

No. 20828. Delivered February 7, 1940.
On the Merits March 27, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary, punishment assessed being three years in the penitentiary.

No notice of appeal appears in the record, which is necessary under Art. 827, C. C. P., to give this Court jurisdiction. See Branch's Ann. Texas P. C. Sec. 588, and cases there cited; also cases cited under Art. 827, C. C. P., in Vernon's Texas C. C. P., Vol. 3.

The appeal is dismissed.

### ON THE MERITS.

HAWKINS, Presiding Judge.

At a former day of the term the appeal was dismissed for failure of the record to show notice of appeal. The record has been corrected in that respect and the appeal is reinstated and will now be considered on its merits.

On the night of June 23rd, 1939, someone burglarized a house controlled by A. A. Mardee and stole therefrom articles described as lead covered T irons of the value of $216.00. Tracks at the place showed two parties were engaged in the burglary. The wire fence around the house had been prized up and the T irons had been slid under the fence. The irons weighed 53 pounds each. The tracks led back and forth from the fence to the house. The ground was quite muddy. Some of the irons recovered had mud on them corresponding to the mud at the fence. About 4:30 o'clock on June 24th an officer discovered appellant and one Phelan in a red pick-up truck loaded with more than 3,000 pounds of said T irons. The truck belonged to Phelan and he was driving it when he and appellant were arrested. The clothes and shoes of both parties were muddy, and they had in the truck dry shoes and clothing. The T irons were identified by circumstances proven as those stolen from the burglarized house. Appellant did not testify but introduced witnesses whose testimony, if believed, would account for appellant's presence at places other than the burglarized house up until three o'clock on the morning of June 24, and with parties other than Phelan. The State, however, introduced a witness who testified that on the night of June 23rd about ten o'clock appellant and Phelan came to her place in a red pick-up truck and asked for some water and she gave them water in a

quart fruit jar. When the parties were arrested a quart jar with some water in it was in the truck containing the stolen property. The condensed statement of the facts is sufficient to reflect that the evidence amply supports the verdict.

The court properly submitted the issue of alibi which the jury resolved in favor of the State.

A number of exceptions were presented to the court's charge. We discover no merit in any of said objections.

Appellant made application for continuance and brings forward complaint of its refusal. The application sets out what evidence is expected from the absent witness, but there is a total failure to state facts in the application which upon its face shows the materiality of the testimony. Branch's Ann. Texas P. C., Sec. 312, sub. 3. In view of Sec. 6, Art. 543, C. C. P., and application thereof as shown in cases cited in Sec. 319 Branch's Ann. Texas P. C., the trial court was fully justified in reaching the conclusion under all the testimony in the case that if the absent testimony had been before the jury a verdict more favorable to appellant would not have resulted.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

We think proper disposition of the appeal was made upon the original submission. Our re-examination of the record in the light of the motion for rehearing leaves us of opinion that the charge of the court adequately submitted the case to the jury.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.